FILED

FEB 1 8 2009

CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH DAKOTA
## WESTERN DIVISION

| | |
|---|---|
| EILEEN JANIS and KIM COLHOFF, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | )  Civil Action No. 09 - 5019 |
| | ) |
| CHRIS NELSON, in his official capacity as | ) |
| Secretary of State of South Dakota and as a | ) |
| member of the State Board of Elections; | ) |
| PAULA JONES, GAIL BROCK, | ) |
| CHRISTOPHER W. MADSEN, | ) |
| RICHARD CASEY, KAREN M. LAYHER, | ) |
| and LINDA LEA M. VIKEN, in their | ) |
| official capacities as members of the State | ) |
| Board of Elections; and SUE GANJE, in her | ) |
| official capacity as Auditor for Shannon | ) |
| County, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
## AND COMPENSATORY AND NOMINAL DAMAGES

### INTRODUCTION

1.       This is an action to enforce the voting rights of Plaintiffs Eileen Janis and

Kim Colhoff who were denied the right to vote in the November 4, 2008, general election

based on their felony convictions for which they were sentenced only to probation.

Under South Dakota law, a person convicted of a felony who is sentenced to

imprisonment in the state penitentiary loses the right to vote during the term of

imprisonment. S.D.C.L. § 23A-27-35. People not sentenced to the penitentiary retain the

right to vote. Because Plaintiffs were not sentenced to imprisonment, they retain the right

to vote in all federal, state, and local elections. Nevertheless, Defendants unlawfully

removed Plaintiffs from the state and county voter registration lists and denied them the

right to vote on November 4, 2008, in violation of their rights to equal protection and due process under the federal and state constitutions, the Help America Vote Act ("HAVA") (42 U.S.C. §§ 15482 and 15483), the National Voter Registration Act ("NVRA") (42 U.S.C. § 1973gg-6), and Sections 2 and 5 of the Voting Rights Act of 1965 (42 U.S.C. §§ 1973 and 1973c). Plaintiffs seek declaratory relief, injunctive relief, and compensatory and nominal damages against Defendants.

## JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343(a)(3) and (4), and 42 U.S.C. § 1973j(f). This suit is authorized by 42 U.S.C. § 1983. This Court may exercise supplemental jurisdiction under 28 U.S.C. § 1367(a) to hear claims under the constitution and laws of South Dakota. This Court has jurisdiction to grant both declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202.

3.      Pursuant to 42 U.S.C. § 1973c and 28 U.S.C. § 2284, a three-judge district court is required to hear Plaintiffs' Section 5 claim.

4.      Venue is proper in this court pursuant to 28 U.S.C. § 1391(b).

## THE PARTIES

5.      Plaintiff EILEEN JANIS is a Native American and resident of Pine Ridge, South Dakota, located in Shannon County. She registered to vote for the first time in or about September 1984, and, upon information and belief, remained on the voter registration rolls until January 2008. On January 28, 2008, Plaintiff was convicted of a felony offense and sentenced only to probation for five years. She attempted to vote on

November 4, 2008, in the federal and state general elections but was denied that right based on her felony conviction.

6.     Plaintiff KIM COLHOFF is a Native American and resident of Pine Ridge, South Dakota, located in Shannon County.  She registered to vote for the first time in or about October 1974 and, upon information and belief, remained on the voter registration rolls until January 2008.  On January 28, 2008, Plaintiff was convicted of a felony offense and sentenced only to probation for five years.  On November 4, 2008, Plaintiff asked county election officials about her voter registration status and was informed that her name had been removed from the state and county voter registration lists because of her felony conviction.

7.     Defendant CHRIS NELSON is the Secretary of State of South Dakota. He is the State's chief administrative election officer and is responsible for implementing voting rules and regulations as necessary to carry out the provisions of the election code, and for maintaining the statewide voter registration file. S.D.C.L. § 12-4-18. Defendant Nelson also serves as the chairman and secretariat for the State Board of Elections for South Dakota and assists the board in carrying out its responsibilities. S.D.C.L. § 12-1-7. Upon information and belief, it is also his duty to inform county auditors of who is ineligible to vote based on a felony conviction. He is sued only in his official capacity.

8.     Defendants PAULA JONES, GAIL BROCK, CHRISTOPHER W. MADSEN, RICHARD CASEY, KAREN M. LAYHER, and LINDA LEA M. VIKEN are members of the State Board of Elections for South Dakota.  They are responsible for promulgating rules concerning voter registration, voter file maintenance, compliance with HAVA, implementation of the NVRA, and ensuring the uniformity of election

procedures. S.D.C.L. §§ 12-1-9, 12-1-21, 12-4-35. They are sued only in their official capacities.

9.     Defendant SUE GANJE is the Auditor for Shannon County, South Dakota. She is responsible for maintaining and safeguarding the voter registration records for the county. S.D.C.L. § 12-4-2. She is sued only in her official capacity.

## FACTUAL ALLEGATIONS

10.     On January 28, 2008, Plaintiff Janis was convicted of theft and sentenced to five years of probation.

11.     Plaintiff Janis was registered to vote prior to her felony conviction.

12.     Because Plaintiff Janis was sentenced only to probation for her felony offense, she never lost the right to vote under South Dakota law.

13.     On or about January 2008, Plaintiff Janis' name was removed from the state and Shannon County voter registration lists based on her felony conviction.

14.     Plaintiff Janis never received notice from Defendants that she was being removed from the state and county voter registration lists based on her felony conviction.

15.     Plaintiff Janis attempted to vote on November 4, 2008, in the federal and state general elections, but county election officials told her that she was ineligible to vote due to her felony conviction.

16.     Plaintiff Janis repeatedly informed county election officials that she was sentenced only to probation and, therefore, retained the right to vote. Nevertheless, county election officials refused to allow her to cast a regular ballot.

17.     After being denied the right to cast a regular ballot, Plaintiff Janis requested a provisional ballot, but county election officials denied that request as well.

18.     On January 28, 2008, Plaintiff Colhoff was convicted of theft and sentenced to five years of probation.

19.     Plaintiff Colhoff was registered to vote prior to her felony conviction.

20.     Because Plaintiff Colhoff was sentenced only to probation for her felony offense, she never lost the right to vote under South Dakota law.

21.     On November 4, 2008, county election officials informed Plaintiff Colhoff that her name was removed from the state and county voter registration lists because of her felony conviction.

22.     Plaintiff Colhoff never received notice from Defendants prior to November 4, 2008, informing her that her name was removed from the state and county voter registration lists based on her felony conviction.

23.     County election officials never informed Plaintiff Colhoff of her right to cast a provisional ballot in the November 4, 2008 federal and state elections and, as a result, she did not cast a provisional ballot.

24.     The county election officials' denial of Plaintiffs' voting rights occurred in front of several other voters which caused them a great deal of public humiliation.

25.     Upon information and belief, Defendants are denying voting rights to other people convicted of felonies regardless of the sentence imposed. Consequently, people convicted of felonies who are not sentenced to imprisonment are being unlawfully denied the right to vote.

26.     Native Americans are disproportionately represented in South Dakota's criminal justice system. Upon information and belief, Native Americans represent a disproportionate number of those who are sentenced to probation.

27.     Defendants' actions of denying voting rights to people convicted of felonies regardless of their sentence has a disproportionate and negative impact on Native Americans including Plaintiff and results in the denial of their voting rights on account of race, color, or membership in a language minority group.

28.     Shannon County in South Dakota is a jurisdiction subject to the preclearance requirement of Section 5 of the Voting Rights Act (42 U.S.C. § 1973c).

29.     Upon information and belief, Defendants did not seek preclearance under Section 5 from the United States District Court for the District of Columbia or the Attorney General of the United States prior to implementing their policy and practice of denying voting rights to people with felony convictions who are on probation.

30.     Plaintiffs are suffering irreparable harm as a result of Defendants' actions complained of herein, and that harm will continue unless declared unlawful and enjoined.

31.     Plaintiffs have no adequate remedy at law other than this action for declaratory and injunctive relief.

## COUNT ONE

### Violation of Equal Protection Under The Law

32.     Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

33.     Section 1 of the Fourteenth Amendment of the United States Constitution provides: "No State shall . . . deny to any person within its jurisdiction the equal protection of the laws."

34.     The South Dakota Constitution provides: "Elections shall be free and equal, and no power, civil or military, shall at any time interfere to prevent the free exercise of the right of suffrage." S.D. CONST. ART. VII, § 1; S.D. CONST. ART. VI, § 19.

35.     Because Plaintiff retains the right to vote and was eligible to vote on November 4, 2008, Defendants' unlawful removal of Plaintiff from the state and county voter registration lists violates her rights to equal protection of the laws and the free exercise of the right of suffrage under the federal and state constitutions, and 42 U.S.C. § 1983.

## COUNT TWO

### Violations of Due Process of Law

36.     Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

37.     Section 1 of the Fourteenth Amendment of the United States Constitution provides: "No State shall . . . deprive any person of life, liberty, or property without due process of law."

38.     The South Dakota Constitution provides: "No person shall be deprived of life, liberty or property without due process of law." S.D. CONST. ART. VI, § 2.

39.     Plaintiffs never received notice from Defendants prior to November 4, 2008, informing them that their names were removed from the state and county voter registration rolls, nor did they have an adequate or meaningful opportunity to challenge their removal from the voter registration lists.

40.     The actions of Defendants in removing Plaintiffs from the state and county voter registration lists violates Plaintiffs' rights to due process of law under the federal and state constitutions, and 42 U.S.C. § 1983.

## COUNT THREE

### Violations of the Help America Vote Act ("HAVA")
### (42 U.S.C. § 15483)

41.     Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

42.     HAVA requires Defendants to maintain an accurate statewide voter registration list that contains the name and registration information of every legal voter in the State, and that only voters who are not eligible to vote may be removed from the list. 42 U.S.C. §§ 15483(a)(1)(A), (2)(B)(ii) and (a)(4).

43.     Defendants have failed to implement adequate procedures to ensure that Plaintiffs and similarly situated eligible voters are not removed from voter registration lists.

44.     Defendants' removal of Plaintiffs from the state and county voter registration lists was in violation of HAVA.

## COUNT FOUR

### Violations of the Help America Vote Act ("HAVA")
### (42 U.S.C. § 15482) and State Law

45.     Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

46.     HAVA allows any person whose name does not appear on the official list of eligible voters for the polling place or whom an election official asserts is not eligible

to vote to cast a provisional ballot. Election officials at the polling place are further required to notify such persons of their right to cast a provisional ballot. 42 U.S.C. § 15482.

47.     State law similarly provides that any person whose name does not appear on the official list of eligible voters or whom an election official asserts is not eligible to vote may cast a provisional ballot. Election officials are also required to notify such persons of their right to cast a provisional ballot. S.D.C.L. § 12-18-39.

48.     Defendants' failure to notify Plaintiffs of their right to cast a provisional ballot and their failure to allow Plaintiffs to cast a provisional ballot violated HAVA, S.D.C.L. § 12-18-39, and 42 U.S.C. § 1983.

## COUNT FIVE

### Violation of the National Voter Registration Act ("NVRA")
### (42 U.S.C. § 1973gg-6)

49.     Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

50.     South Dakota is required by the NVRA to maintain "an accurate and current voter registration roll for elections for Federal office" through the use of uniform and non-discriminatory programs and activities in compliance with the Voting Rights Act of 1965, 42 U.S.C. § 1973gg-6(b)(1).

51.     The NVRA also provides that the name of a registrant may not be removed from the official list of eligible voters except at the request of the registrant, the death of the registrant, a change in the residence of the registrant, or "as provided by state law, by reason of criminal conviction or mental incapacity." Id. at § 1973gg-6(a)(3)(B).

52.     Because Plaintiffs retain the right to vote under state law despite their felony convictions, Defendants' removal of their names from the official list of eligible voters and the denial of their right to vote violated the NVRA.

## COUNT SIX

### Violation of the Voting Rights Act of 1965
### (42 U.S.C. § 1973)

53.     Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

54.     Section 2 of the Voting Rights Act provides: "No voting qualification or prerequisite to voting or standard, practice, or procedure shall be imposed or applied by any State or political subdivision in a manner which results in a denial or abridgement of the right of any citizen of the United States to vote on account of race or color," or membership in a language minority group.  42 U.S.C. § 1973(a).

55.     Defendants' unlawful removal of Native Americans convicted of felonies who retain the right to vote has resulted in Native Americans, including Plaintiffs, having less opportunity than other members of the electorate to participate in the political process in violation of Section 2 of the Voting Rights Act.

## COUNT SEVEN

### Violation of the Voting Rights Act of 1965
### (42 U.S.C. § 1973c)

56.     Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

57.     Defendants' failure to preclear their policy and practice of denying voting rights to people with felony convictions who are on probation deprives Plaintiffs of rights guaranteed to them by Section 5 of the Voting Rights Act of 1965 (42 U.S.C. § 1973c).

## COUNT EIGHT

### Violation of the Civil Rights Act of 1964
### (42 U.S.C. § 1971) and State Law

58.     Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

59.     Pursuant to 42 U.S.C. § 1971(a)(2)(A), no state official acting under color of law shall "in determining whether any individual is qualified under State law or laws to vote in any election, apply any standard, practice, or procedure different from the standards, practices, or procedures applied under such law or laws to other individuals within the same county, parish, or similar political subdivision who have been found by State officials to be qualified to vote."

60.     Article 6, § 18 of the South Dakota Constitution provides that "no law shall be passed granting to any citizen, class of citizens or corporation, privileges or immunities which upon the same terms shall not equally belong to all citizens."

61.     Defendants, in determining that Plaintiffs were not qualified to vote despite their eligibility under state law, applied a standard, practice, or procedure different from those applied to other individuals who have been found qualified to vote in violation of 42 U.S.C. §§ 1971 and 1983, and the state constitution.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully asks this Court to:

(1)     Exercise supplemental jurisdiction over Plaintiff's claims brought under the Constitution and laws of South Dakota;

(2)     As a single-judge court, declare that the removal of Plaintiffs' names from the list of eligible voters, the denial of their right to vote, and the failure to allow them to vote by provisional ballot violates:

(a) their rights to equal protection under § 1 of the Fourteenth Amendment of the United States Constitution, and  Article VI, § 19 and Article VII, § 1 of the South Dakota Constitution;

(b) their rights to due process under § 1 of the Fourteenth Amendment of the United States Constitution and Article VI,  § 2 of the South Dakota Constitution;

(c) the Help America Vote Act, 42 U.S.C. §§ 15482, 15483(a)(1)(A), (2)(B)(ii), and (a)(4), and S.D.C.L. § 12-18-39;

(d) the National Voter Registration Act, 42 U.S.C. § 1973gg-6;

(e) Section 2 of the Voting Rights Act, 42 U.S.C. § 1973;

(f) the Civil Rights Act of 1964, 42 U.S.C. § 1971, and Article VI, § 18 of the South Dakota Constitution; and

(g) 42 U.S.C. § 1983.

(3)     As a three-judge court, enter an injunction prohibiting defendants from denying voting rights to people with felony convictions who are on probation until they have complied with Section 5 of the Voting Rights Act;

(4)     Enjoin Defendants and their agents, employees, and representatives from denying Plaintiffs the right to vote, and direct Defendants to place Plaintiffs' names back on the state and county voter registration lists;

(5)     As a single-judge court, direct Defendants to adopt procedures to prevent future disfranchisement of individuals convicted of felonies who are on probation;

(6)     Authorize the appointment of federal observers pursuant to 42 U.S.C. § 1973a(a) to enforce the voting rights of people with felony convictions who retain the right to vote;

(7)     Exercise and retain jurisdiction under 42 U.S.C. § 1973a(c) for such period as the court deems appropriate to enforce the voting rights of people with felony convictions who retain the right to vote;

(8)     Direct Defendants to prepare and distribute across the state public service announcements and education materials regarding the voting rights of people with felony convictions;

(9)     Award Plaintiffs compensatory and nominal damages for each denial of their right to vote;

(10)    Award Plaintiffs the expenses, costs, fees, and other disbursements associated with the filing and maintenance of this action, including reasonable attorneys' fees pursuant to 42 U.S.C. §§ 1988 and 1973*l*(e);

(11)    Exercise continuing jurisdiction over this action during the enforcement of its judgment; and

(12)    Award any other and further relief this Court deems proper and just.

DATED this 18th day of February, 2009.

Respectfully submitted,

By: _____
PATRICK DUFFY
629 Quincy Street, Suite 105
Rapid City SD 57701
Tel: (605) 342-1963
Fax: (605) 399-9512
pduffy@rushmore.com

LAUGHLIN MCDONALD*
NANCY G. ABUDU*
BRYAN SELLS*
AMERICAN CIVIL LIBERTIES UNION,
VOTING RIGHTS PROJECT
230 Peachtree Street, Suite 1440
Atlanta, GA 30303-1227
Tel: (404) 523-2721
Fax: (404) 653-0331
lmcdonald@aclu.org
nabudu@aclu.org
bsells@aclu.org
*Pro hac vice motions to follow

ROBERT DOODY
AMERICAN CIVIL LIBERTIES UNION,
SOUTH DAKOTA CHAPTER
401 East 8th Street, Suite 200P
Sioux Falls, SD 57103
Tel: (605) 332-2508
rdoody@aclu.org

ATTORNEYS FOR PLAINTIFFS