UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| EILEEN JANIS and<br>KIM COLHOFF, | )<br>)<br>) | CR. 09-5019-KES |
| Plaintiffs, | )<br>) | |
| vs. | )<br>) | |
| CHRIS NELSON, in his official<br>capacity as Secretary of State of<br>South Dakota and as a member of<br>the State Board of Education;<br>PAULA JONES,<br>GAIL BROCK,<br>CHRISTOPHER W. MADSEN,<br>RICHARD CASEY,<br>KAREN M. LAYHER, and<br>LINDA LEE VIKEN, in their official<br>capacities as members of the State<br>Board of Elections; and<br>SUE GANJE, in her official capacity<br>as Auditor for Shannon County, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | ORDER GRANTING PLAINTIFFS'<br>MOTION TO AMEND<br>COMPLAINT AND DENYING<br>DEFENDANTS' MOTION TO<br>DISMISS |
| Defendants. | ) | |

Chris Nelson, Paula Jones, Gail Brock, Christopher Madsen, Richard Casey, Karen Layher, Linda Lee Viken, and Sue Ganje, (defendants) in their official capacities, move for dismissal of Eileen Janis and Kim Colhoff's (plaintiffs) complaint as to the claims for monetary damages on the basis that the court lacks subject-matter jurisdiction. See Fed. R. Civ. P. 12(b)(1). Plaintiffs resist defendants' motion and move to amend their complaint.

On February 18, 2009, plaintiffs filed a civil action under 42 U.S.C. § 1983 alleging that their right to vote during the 2008 federal, state, and local elections had been unlawfully denied by defendants. Plaintiffs assert eight counts in the complaint that allege various violations of their rights. Counts one and two assert that their rights under the Equal Protection and Due Process Clauses in both the Federal and South Dakota Constitutions were violated. See U.S. Const. amend. XIV, § 1; S.D. Const. Art. VI, §§ 2, 19; S.D. Const. Art. VII, § 1. The third and fourth counts allege violations of the Help America Vote Act (HAVA) and a South Dakota statute. See 42 U.S.C. §§ 15482, 15483; S.D. Codified Laws § 12-18-39. Count five alleges violations of the National Voter Registration Act (NVRA). 42 U.S.C. § 1973gg-6. In the sixth and seventh counts, plaintiffs assert that defendants violated the Voting Rights Act of 1965. 42 U.S.C. §§ 1973, 1973c. Finally, in count eight, plaintiffs allege violations of the Voting Rights Act of 1964 and the Privileges or Immunities Clause of the South Dakota Constitution. See 42 U.S.C. § 1971; S.D. Const. Art. VI, § 18.

In summary, plaintiffs allege that their names were unlawfully removed from the statewide and county voter registration rolls after having been sentenced only to probation for their felony convictions. Plaintiffs also allege that they were not given the opportunity to cast provisional ballots despite the existence of both federal and state laws authorizing the use of provisional

ballots if there is a question about voter eligibility. Plaintiffs seek declaratory, injunctive, monetary, and other forms of relief.

Plaintiffs move to amend the complaint pursuant to Rule 15(a)(2). See Fed. R. Civ. P. 15(a)(2). The amended complaint adds the following: (1) an additional defendant, La Fawn Conroy, who was a Shannon County poll worker; (2) clarification that the suit is brought against all defendants in their individual and official capacities; and (3) additional allegations related to plaintiffs' claim that they were denied their right to vote. (Plaintiffs' Motion to Amend the Complaint, Docket 49, at 1.) Defendants object to plaintiffs' motion arguing that the amended complaint fails to present any new claims that were unavailable at the time plaintiffs filed the initial complaint.

Under Rule 15(a)(2), "[t]he court should freely give leave when justice so requires." See Fed. R. Civ. P. 15(a)(2) ("In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."). Leave to amend the pleadings is not appropriate when the opposing party demonstrates "undue delay, bad faith on the part of the moving party, futility of the amendment, or unfair prejudice to the non-moving party[.]" Roberson v. Hayti Police Dep't, 241 F.3d 992, 995 (8th Cir. 2001) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)). Delay alone, however, "is not a reason in and of itself to deny leave to amend; the delay must have resulted in unfair

3

prejudice." Id. (citing Sanders v. Clemco Indus., 823 F.2d 214, 217 (8th Cir. 1987); see also Moses.com Sec., Inc. v. Comprehensive Software Sys., 406 F.3d 1052, 1065 (8th Cir. 2005) ("In most cases, 'delay alone is insufficient justification; prejudice to the nonmovant must also be shown.' " (quoting Bell v. Allstate Life Ins. Co., 160 F.3d 452, 454 (8th Cir. 1998)). Finally, " '[t]he burden of proof of prejudice is on the party opposing the amendment.' " Roberson, 241 F.3d at 995 (quoting Sanders, 823 F.2d at 217).

Defendants' only argument against plaintiffs' motion to amend is a variation of undue delay, namely that the newly asserted claims could have been put forth in the original complaint. Defendants have not demonstrated that there would be any unfair prejudice as a result of the amended complaint. See Roberson, 241 F.3d at 996 (reversing trial court's refusal to allow amending of the complaint because "[t]he district court's orders and rulings do not indicate that the court believed that the [defendant] would have been prejudiced by the amendment of the complaint, nor does our review of the record suggest that prejudice was likely"). Thus, plaintiffs' motion to amend the complaint is granted because defendants have not demonstrated any unfair prejudice in allowing plaintiffs to amend the complaint.

Accordingly, it is hereby

ORDERED that plaintiffs' motion to amend the complaint (Docket 49) is granted.

IT IS FURTHER ORDERED that defendants' motion to dismiss plaintiffs' complaint (Docket 38) is denied as moot and without prejudice.

Dated October 2, 2009.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
CHIEF JUDGE