UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| EILEEN JANIS and KIM COLHOFF, | ) | Civ. 09-5019 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CHRIS NELSON, in his individual | ) | SETTLEMENT AGREEMENT |
| and official capacity as | ) | AND RELEASE IN FULL |
| Secretary of State of South | ) | OF ALL CLAIMS |
| Dakota, and as a member of the | ) | |
| State Board of Elections; MATT | ) | |
| McCAULLEY, CINDY SCHULTZ, | ) | |
| CHRISTOPHER W. MADSEN, RICHARD | ) | |
| CASEY, KAREN M. LAYHER, and | ) | |
| LINDA LEA M. VIKEN, in their | ) | |
| individual and official | ) | |
| capacities as members of the | ) | |
| State Board of Elections; SUE | ) | |
| GANJE, in her individual and | ) | |
| official capacity as Auditor | ) | |
| for Shannon County, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

SETTLEMENT AGREEMENT AND RELEASE IN FULL OF ALL CLAIMS

I.   Introduction

1.   On March 10-11, 2010, the Parties entered into mediation before the Honorable Magistrate Judge John E. Simko and reached a Mediation Agreement as that term is defined in Documents 134 and 135.

2.   This Settlement Agreement is hereby entered into by Plaintiffs and the State Defendants and is intended to settle and resolve all claims and Covered Matters in the above-entitled

Action relative to Plaintiffs and State Defendants. This Agreement has been negotiated by the Parties in good faith to avoid the costs and risks of prolonged and complicated litigation and to resolve their differences.  In the respective opinions of the Parties, this Agreement and the settlement embodied herein is fair, reasonable, and in the public interest. The Plaintiffs and the County Defendant have  executed a separate settlement agreement which has not been filed.

3.    By entry into this Agreement, State Defendants do not admit the truth or accuracy of any allegations in the Action, and do not admit any liability to any Plaintiff or any third party for or as a result of the acts, actions, or conduct alleged in the Action, or that may be related to or arise out of the allegations contained therein.

## II. Definitions

4.    Unless otherwise expressly provided for herein, the terms used in this Agreement shall have the meaning provided below:

A.    "Agreement" shall mean this Settlement Agreement and Release in Full of All Claims.

B.    "Action" shall mean the action entitled Janis, et. al. v. Nelson, et. al., in the United States District Court, District of South Dakota, Western Division, Civil No. 09-5019.

2

C. "Covered Matters" shall mean all claims brought in the Action, and all claims that the Plaintiffs have or could have made arising from or out of the facts alleged in the Action.

D. "Date of Entry" or "Entry" shall be the date on which this Agreement is signed by the last Party executing the Agreement.

E. "Plaintiffs" shall mean Eileen Janis and Kim Colhoff.

F. "State Defendants" shall mean Chris Nelson, in his individual and official capacity as Secretary of State of South Dakota, and as a member of the State Board of Elections, and Matt McCaulley, Cindy Schultz, Christopher W. Madsen, Richard Casey, Karen M. Layher, and Linda Lea M. Viken, in their individual and official capacities as members of the State Board of Elections.

G. "County Defendant" shall mean Sue Ganje, in her individual and official capacity as Auditor of Shannon County. Defendant La Fawn Conroy has already been dismissed with prejudice from this Action by stipulation of the parties.

H. "Parties" shall mean the Plaintiffs and State Defendants.

### III. Release

3

5.    Release.  In consideration of State Defendants'
agreement to undertake the actions described in this Agreement,
Plaintiffs release and discharge State Defendants from all
claims, demands, actions and causes of action arising from, out
of, or related to the allegations in the Action, Covered
Matters, and all other claims, demands, actions and/or causes of
action, whether now known or arising in the future, related to
or arising from the factual allegations made in the Action.
Plaintiffs also release State Defendants from the class action
lawsuit they initiated as part of this action.

IV.  Settlement

6.    Each Party to this Agreement shall bear its own costs
and attorney's fees, except as specifically provided herein.

7.    The State Defendants, in their official capacity,
shall pay twenty-five thousand dollars ($25,000) in attorney's
fees and costs to Plaintiffs' attorneys.

8.    State Defendants shall not retaliate in any way
against Plaintiffs as a result of the filing of this Action.

9.    The Parties have agreed upon the impact of state and
federal felony convictions on voting rights under state law as
it exists on the Date of Entry.  This agreement is documented in
the attached Exhibit A.

10.   The agreement referenced in Paragraph 9 is subject to
modification by changes in state law, or an interpretation of

4

state law by a court of competent jurisdiction, which conflicts
with any part of Exhibit A.

11.   Within 45 days of the Date of Entry, Secretary of
State Chris Nelson will advocate that the South Dakota Board of
Elections, hereinafter "Board," vote to make changes to the
following Administrative Rules of South Dakota:

a.    A.R.S.D. 5:02:05:02, as documented in the attached
Exhibit B at page 2.

b.    A.R.S.D. 5:02:05:02.01, as documented in the attached
Exhibit C at page 2.

12.   Within 30 days of the Date of Entry, Secretary of
State Nelson will advocate that the Board vote to adopt a new
administrative rule, as documented in the attached Exhibit D.

13.   The proposals referenced in Paragraphs 11 and 12 must
go through the rulemaking process required in SDCL Chapter 1-26
before they are adopted as South Dakota Administrative Rules.
This process includes but is not limited to a public hearing and
comment period, approval for legality and form and style by the
South Dakota Legislative Research Council, and final approval by
the South Dakota Legislature's rules review committee.  Although
Secretary of State Nelson will advocate strongly on behalf of
the rule changes referenced in Paragraphs 11 and 12, the
Secretary of State cannot control whether the changes as
proposed above will be accepted or modified by the Board.

5

Neither the Secretary of State nor the Board controls whether the proposals referenced in Paragraphs 11 and 12 will be rejected or modified by the Legislative Research Council or the Legislature's rules review committee.

14.   Within 20 days of the Date of Entry, Secretary of State Nelson will send the letter attached as Exhibit E to all county auditors in the State of South Dakota at their last known address.

15.   Within 20 days of the Date of Entry, the Secretary of State's Office will post the information in Exhibits A and F on the Secretary of State's website.

16.   Exhibits B, C, D, and F are subject to modification by changes in state law, or an interpretation of state law by a court of competent jurisdiction, which conflicts with any part of these exhibits.

17.   Within 20 days of the Date of Entry, the Secretary of State's Office will make the changes to the South Dakota Polling Place Voter Key documented on Exhibit G and Exhibit H, page 1, number 21.

18.   Secretary of State Nelson will recommend and advocate to the Board that it propose an amendment of SDCL 12-18-10 to the 2011 Legislature.   The proposed amendment is documented in the attached Exhibit I.   Neither the Secretary of State nor the

Board have control over whether the South Dakota Legislature chooses to make such amendment.

19.  Secretary of State Nelson will make training available to state auditors regarding which felons are disqualified from voting.  The training will occur in May of 2010.  Secretary of State Nelson will then recommend that his successor incorporate this training into the biennial training session scheduled prior to each election year, which is next scheduled for November or December of 2011.

20.  Secretary of State Nelson will make training available to county auditors for purposes of training poll workers in their county regarding felony disqualification.  Secretary of State Nelson will then recommend that his successor continue this training.  However, county auditors, not the State Defendants, are responsible for training poll workers.

21.  Beginning on the Date of Entry, for the period of time required by its normal document retention policy established by the South Dakota Bureau of Administration, the Secretary of State's Office will retain an electronic copy of the weekly e-mails sent to state auditors through the Electronic Voter Registration System (EVRS) regarding state felony disqualifications.

22.  Beginning on the Date of Entry, for the period of time required by its normal document retention policy established by

the South Dakota Bureau of Administration, but in no event less

than two years, the Secretary of State's Office will retain an

electronic copy of the Notice of Convicted Felons received from

the U.S. Attorney's Office pursuant to the National Voter

Registration Act of 1993, 42 U.S.C. § 1773gg-6.

23.   Within 20 days of Date of Entry, Secretary of State

Chris Nelson will provide to Plaintiffs' counsel the following

documents: (1) the software source code for the algorithm used

by the EVRS to conduct matches between the statewide voter

registration database and disqualifying felonies in the South

Dakota Unified Judicial System database; (2) the system design

document (in the most current form available at the Date of

Entry) and any emails, memoranda, or other documents not already

produced in the above captioned matter that reflect any changes

to the system design; and (3) to the extent available, the data

dictionaries or other explanations of database variables

regarding potential exclusions for felony convictions for the

statewide voter registration database and the South Dakota

Unified Judicial System database.   The South Dakota Unified

Judicial System database includes state felony information only.

24.   Plaintiffs' counsel will review the information

provided pursuant to Paragraph 23.   Secretary of State Nelson

will encourage persons from the South Dakota Bureau of

Telecommunications and South Dakota Unified Judicial System,

with knowledge of how the algorithm operates, to answer
questions from Plaintiffs' counsel. However, the Secretary of
State has no authority to require or force such persons to
cooperate with Plaintiffs' counsel.

25. Neither the State Defendants nor the State of South
Dakota will pay Plaintiffs' attorney's fees or costs of any
person to review the information provided pursuant to Paragraph
23, including the costs of state employees outside the
employment of the Secretary of State's Office.

26. If Plaintiffs' counsel conclude that any felonies
produced by the matching algorithm do not meet the criteria for
disqualifying state felonies agreed upon by the Parties in the
attached Exhibit A, then Plaintiffs' counsel will suggest
changes to the algorithm to Secretary of State Nelson.
Secretary of State Nelson will determine whether, and in what
manner, changes are necessary for the matching algorithm to meet
the criteria for disqualifying state felonies agreed upon by the
Parties in the attached Exhibit A.

27. The County Defendant and the Board shall not be made a
party to any dispute described in Paragraph 26 above.

28. After the review process described above, and provided
Plaintiffs' counsel concludes that any felonies produced by the
matching algorithm meet the criteria for disqualifying state
felonies agreed upon by the Parties in the attached Exhibit A,

Plaintiffs' counsel will submit a letter in support of preclearance of the software source code for the algorithm to the Secretary of State's Office and United States Department of Justice.

29.  Secretary of State Nelson will submit, along with Plaintiffs' letter of support, the software source code for the algorithm for preclearance to the United States Department of Justice on behalf of Todd County and Shannon County only.  If the review process described above extends beyond Chris Nelson's term as Secretary of State, then the Secretary of State's Office shall not be responsible for submitting the algorithm for preclearance on behalf of Todd County, Shannon County or any other county.

30.  Plaintiffs will not object to Todd County or Shannon County's use of the information generated from the algorithm through the EVRS for purposes of removing persons with disqualifying state felonies from the statewide voter registration list prior to algorithm's preclearance.

31.  Secretary of State Nelson agrees to submit for preclearance, on behalf of Todd County and Shannon County only, any changes made to the algorithm. If any changes to the algorithm occur after Chris Nelson's term as Secretary of State, the Secretary of State's Office is not bound by this Agreement

10

to submit the changes to the algorithm for preclearance on behalf of Todd County, Shannon County, or any other county.

32.  Indemnification – Plaintiffs agree to hold harmless and indemnify State Defendants from any and all claims against Defendants for loss, injury or damage resulting from, related to, or arising from the factual allegations made in this Action.

33.  Except as stated herein, this Agreement shall be binding on any heirs, successors and assigns.  Parties sued in their official capacity will notify their successors in office of the existence of this Agreement and provide a copy thereof.

34.  Dismissal of Action.  Upon Date of Entry, the Parties will submit a Stipulation of Dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1) which dismisses the pending Action against the State Defendants with prejudice, including the pending motion for class certification.

35.  Modification.  The terms of this Agreement may be modified only by a subsequent written agreement signed by the Parties, and their respective heirs, representatives, executors, administrators, successors and assigns.

36.  Signatories.  Each undersigned representative of the Parties to this Agreement certifies that he or she is fully authorized to enter into this Agreement and each of the terms and conditions hereof, and to execute and legally bind such Party to it.  The Plaintiffs and their counsel represent and

11

warrant that no other person or entity has or has had any interest in the claims, demands, obligations, or causes of action referred to in this action, and that they have the sole and exclusive right to receive the sums specified in this agreement.

37. Entire Agreement. This Agreement and exhibits shall constitute the entire agreement between the Parties. This Agreement supersedes any other written or oral agreements between the Parties. If any term or provision of this Agreement is determined to be illegal, unenforceable, or invalid in whole or in part for any reason, such illegal, unenforceable or invalid provisions shall be stricken from this Agreement, and such provision shall not affect the legality, enforceability, or validity of the remainder of this Agreement.

38. The United States District Court for the District of South Dakota shall retain jurisdiction to resolve issues regarding enforcement of this Agreement. The costs and attorney fees as provided above are capped for the purpose of settling this action. However, if a dispute arises regarding the enforcement of this Agreement, the Parties reserve their rights to request attorney's fees if determined to be the prevailing party.

39.  <u>Effective Date</u>.  This Agreement shall be effective upon the Date of Entry, which is the day on which the last signing Party executes this Agreement.

Dated this 24th day of _May_, 2010.

_____
Chris Nelson, in his official capacity as Secretary of State and Chairman of the State Board of Elections

APPROVED BY:

_____
Richard M. Williams
Assistant Attorney General
Counsel for State Defendants

_____
Bobbi J. Rank
Assistant Attorney General
Counsel for State Defendants

Dated this _____ day of _____, 2010.


_____
Patrick K. Duffy
Patrick K. Duffy, LLC
Counsel for Plaintiffs


Dated this _14_ day of ___May_____, 2010.


_____
Nancy Abudu
American Civil Liberties Union
Counsel for Plaintiffs


Dated this _18th_ day of ___May____, 2010.


_____
Bryan Sells
American Civil Liberties Union
Counsel for Plaintiffs